MARK J. BOURASSA, ESQ.
Nevada Bar No. 7999
TRENT L. RICHARDS, ESQ.
Nevada Bar No. 11448
**THE BOURASSA LAW GROUP**
8668 Spring Mountain Road, Suite 101
Las Vegas, Nevada 89117
Tel: (702) 851-2180
Fax: (702) 851-2189
mbourassa@blgwins.com
trichards@blgwins.com
*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DWIGHT GRANT, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>FIRST SERVICE RESIDENTIAL, NEVADA, LLC, a Nevada limited liability company,<br><br>Defendant. | **COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff DWIGHT GRANT, (hereinafter referred to as "Plaintiff"), by and through his attorneys of record, The Bourassa Law Group, alleges upon knowledge as to himself and his own acts, and upon information and belief as to all other matters, brings this complaint against the above-named defendants and in support thereof alleges the following:

### PARTIES

1.      Plaintiff is, and at all times mentioned herein, was a Nevada resident.

2.      Defendant FIRST SERVICE RESIDENTIAL, NEVADA, LLC ("FSR") is a Nevada limited liability company.

3.     At all times mentioned herein, FSR employed Plaintiff.   FSR is and was an employer within the meaning of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*

### JURISDICTION AND VENUE

4.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that this case arises under federal law, specifically, the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12101, *et seq.*   Supplemental jurisdiction exists for the state law claims under 28 U.S.C. § 1367.

5.     Venue is appropriate in this judicial district because both Plaintiff and Defendant reside and/or do business in the District of Nevada. Venue is also proper in this district because the acts and transactions that give rise to this action occurred, in substantial part, in the District of Nevada.

### ADMINISTRATIVE PREREQUISITES

6.     Plaintiff has complied with all the administrative prerequisites to this action under 42 U.S.C. § 2000e-5 and 42 U.S.C. § 12117 as he timely filed a Charge with the U.S. Equal Employment Opportunity Commission ("EEOC") and was issued a Notice of Right to Sue.   A true and correct copy of Plaintiff's Notice of Right to Sue is attached hereto as **Exhibit 1**.

### STATEMENT OF FACTS

7.     Plaintiff began working for Defendant FSR on or about October 6, 2008.

8.     On or about October 2013, Plaintiff suffered an injury at work.   Plaintiff was pushing a pallet of tile up a ramp, and it slid back on him, causing him to herniate a disc in his spine.

9.     Plaintiff filed a workers' compensation claim with respect to this incident, and was placed on leave by FSR.

10.     On or about March 2015, Plaintiff was released to return to work, with no restrictions.

11.     However, it was not until June 5, 2015 that FSR returned Plaintiff to work.

12.     Furthermore, when he returned, FSR placed Plaintiff to work at a lower paying position.

13.     On or about June 11, 2015, Plaintiff suffered a lumbar strain while pushing a dumpster at work.

14.     Plaintiff filed a workers' compensation claim with respect to this incident.

15.     Plaintiff was released to return to work on June 13, 2015, with the restriction that he could not lift more than 10 pounds, that he could push/pull up to 20 pounds, and that he could bend "occasionally."

16.     However, FSR refused to reinstate Plaintiff, stating that it did not provide "light duty" work.

17.     Plaintiff is informed and believes, and thereon alleges, that at least two other employees have been allowed to work in a light duty capacity.

18.     On August 29, 2015, Plaintiff received a letter informing him that he had been terminated.

19.     FSR claimed that it terminated Plaintiff's employment on the pretext that Plaintiff misrepresented his position and due to an issue when calling about his uniform.

20.     However, Tina Cox, Human Resource Manager, also told Plaintiff that he is "prone to injury" and that FSR is afraid to work with him as a result.

//

//

//

**FIRST CLAIM FOR RELIEF**
**Disability Discrimination in Violation of the ADA**
**(42 U.S.C. § 12112(a))**

21.     Plaintiff hereby incorporates by reference paragraphs 1-20 above as if fully set forth herein.

22.     The ADA prohibits a covered entity from discriminating "against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

23.     At all times mentioned herein, FSR employed Plaintiff.

24.     At all times relevant to the allegations in this Complaint, FSR was and is a "covered entity" within the meaning of the ADA, 42 U.S.C. § 12111(2).

25.     Plaintiff has a "disability" within the meaning of the ADA, 42 U.S.C. § 12102(1)(A).

26.     Plaintiff is, and at all times mentioned herein, was a "qualified individual' within the meaning of the ADA, 42 U.S.C. § 12111(8).

27.     FSR terminated Plaintiff's employment because of his disability in violation of 42 U.S.C. § 12112(a).

28.     As a direct and proximate result of these unlawful actions, Plaintiff suffered and continues to suffer damages including, but not limited to, loss of salary, wages, earnings and benefits, diminution of future earning capacity, loss of accumulated benefits, mental anguish and other compensatory damages in an amount to be determined at trial.

29.     It has also been necessary for Plaintiff to obtain the services of an attorney to pursue this claim and Plaintiff is entitled to recover reasonable attorneys' fees therefor.

**SECOND CLAIM FOR RELIEF**
**Disability Discrimination in Violation of the ADA**
**(42 U.S.C. § 12112(b)(5)(A))**

30.     Plaintiff hereby incorporates by reference paragraphs 1 – 29 above as if fully set forth herein.

- 4 -

31.     The ADA requires a covered entity to make "reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee." 42 U.S.C. § 12112(b)(5)(A).

32.     At all times mentioned herein, FSR employed Plaintiff.

33.     At all times relevant to the allegations in this Complaint, FSR was and is a "covered entity" within the meaning of the ADA, 42 U.S.C. § 12111(2).

34.     Plaintiff has a "disability" within the meaning of the ADA, 42 U.S.C. § 12102(1)(A).

35.     Plaintiff is, and at all times mentioned herein, was a "qualified individual' within the meaning of the ADA, 42 U.S.C. § 12111(8).

36.     As a direct and proximate result of these unlawful actions, Plaintiff suffered and continues to suffer damages including, but not limited to, loss of salary, wages, earnings, and benefits, diminution of future earning capacity, loss of accumulated benefits, mental anguish and other compensatory damages in an amount to be determined at trial.

37.     It has also been necessary for Plaintiff to obtain the services of an attorney to pursue this claim and Plaintiff is entitled to recover reasonable attorneys' fees therefor.

**THIRD CLAIM FOR RELIEF**
**Retaliation in Violation of the ADA**
**(42 U.S.C. § 12203(b))**

38.     Plaintiff hereby incorporates by reference Paragraphs 1 – 37 above as if fully set forth herein.

39.     Plaintiff engaged in protected activity when he requested reasonable accomodations for his disability.

40.     Because of his request for reasonable accomodations, Plaintiff was subjected to adverse employment actions including, but not limited to, termination of his employment.

41.     As a direct and proximate result of these unlawful actions, Plaintiff suffered and continues to suffer damages including, but not limited to, loss of salary, wages, earnings and

benefits, diminution of future earning capacity, loss of accumulated benefits, mental anguish and other compensatory damages in an amount to be determined at trial.

42.     It has also been necessary for Plaintiff to obtain the services of an attorney to pursue this claim and Plaintiff is entitled to recover reasonable attorneys' fees therefor.

### FOURTH CLAIM FOR RELIEF
**Wrongful Termination in Violation of Public Policy**

43.     Plaintiff hereby incorporates by reference Paragraphs 1 – 42 above as if fully set forth herein.

44.     Plaintiff sustained a workplace injury.

45.     Plaintiff filed a workers' compensation claim as a result of his workplace injury.

46.     FSR was aware of the workers' compensation claim filed by Plaintiff.

47.     FSR terminated Plaintiff.

48.     FSR's decision to terminate Plaintiff was proximately caused by his workers' compensation claim in violation of Nevada public policy.

49.     As a direct and proximate result of these unlawful actions, Plaintiff suffered and continues to suffer damages including, but not limited to, loss of salary, wages, earnings and benefits, diminution of future earning capacity, loss of accumulated benefits, mental anguish and other compensatory damages in an amount to be determined at trial.

### DEMAND FOR JURY TRIAL

50.     Plaintiff, by and through his attorneys of record, the Bourassa Law Group, hereby demands a jury trial of all of the issues in the above matter.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment and damages against Defendant as follows:

a.       Compensatory damages in amount to be shown at trial for past and future economic and non-economic losses, including extreme emotional distress and mental anguish, impairment of the quality of life; and consequential losses;

b.       Exemplary and/or punitive damages in an amount to be shown at trial;

c.       Reasonable attorney fees and costs;

d.       Pre- and post-judgment interest on any awards at the highest rate allowed by law; and

e.       Such other and further relief as this Court deems just and appropriate.

DATED this <u>10th</u> day of June, 2016.

**THE BOURASSA LAW GROUP**

*/s/ Mark J. Bourassa, Esq.*
MARK J. BOURASSA, ESQ.
Nevada Bar No. 7999
TRENT L. RICHARDS, ESQ.
Nevada Bar No. 11448
8668 Spring Mountain Rd., Suite 101
Las Vegas, Nevada 89117
Tel: (702) 851-2180
Fax: (702) 851-2189
mbourassa@blgwins.com
trichards@blgwins.com
*Attorneys for Plaintiff*

# EXHIBIT 1

# EXHIBIT 1

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: **Dwight Grant**
10013 Ranch Hand Ave.
Las Vegas, NV 89117

From: **Los Angeles District Office**
255 E. Temple St. 4th Floor
Los Angeles, CA 90012

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **34B-2015-01486** | **Karrie L. Maeda,**<br>**State & Local Coordinator** | **(213) 894-1100** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

**Rosa M. Viramontes,**
**District Director**

March 16, 2016
*(Date Mailed)*

Enclosures(s)

cc: **Tina Cox**
Dir. of H.R.
**FIRST SERVICE RESIDENTIAL**
8290 Arville Street
Las Vegas, NV 89139

**Mark Bourassa, Esq.**
THE BOURASSA LAW GROUP LLC
8668 Spring Mountain Road Suite 101
Las Vegas, NV 89117